ALERS ET AL., APELANTES, *v.* CAMPS ET AL., APELADOS.

Apelación procedente de la Corte de Distrito de Mayagüez.

No. 939.—Resuelto en junio 28, 1913.

HERENCIA—COLACIÓN—EXTINCIÓN DE LA OBLIGACIÓN DE COLACIONAR.—De acuerdo con el artículo 1001 del Código Civil revisado para que haya lugar a la colación es requisito indispensable que el heredero forzoso que deba verificarla

concurra con otros que también lo sean a una sucesión, y por tanto cuando, como en el caso de autos, concurren dos herederos forzosos y uno de ellos cede al otro todos sus derechos hereditarios refundiéndose en uno solo el derecho a la colación y el deber de prestarla, queda extinguida dicha obligación por confusión de derechos.

COMUNIDAD DE BIENES—ACCIÓN COMMUNI DIVIDUNDO.—En una demanda en que se ejercita la acción *communi dividundo* de acuerdo con el artículo 407 del Código Civil revisado no es necesario alegar que los otros condueños no han convenido en que se adjudique la cosa a uno de ellos indemnizando a los demás según el artículo 411 del mismo código, pues esa alegación puede ser materia de defensa, aparte de que siendo menores los demandados no pueden enajenar sus derechos de condominio sin autorización judicial.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. José Benet.*

Los apelados no comparecieron.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

En 22 de septiembre de 1911 Ramón, Tomás y Providencia Vicente y Camps presentaron demanda jurada a la Corte de Distrito de Mayagüez contra los demandados arriba relacionados, con súplica de que se decretara y ordenara por sentencia:

1°. Que los bienes entregados por Julia Alers y Larroni a su hija Julia Camps y Alers deben traerse a la masa hereditaria de la finada Julia Alers y Larroni y computarse en la legítima de Armanda Castejón hija de la Julia Camps y Alers y heredera en unión de Antonia Camps y Alers, de Julia Alers y Larroni, debiendo en su consecuencia la demandada Antonia Camps y Alers, cesionaria de Armanda Castejón, entregar a los tres demandantes y a los demandados Rafael, Ernesto Eliodoro, Gloria e Isabel Lucía Vicente y Camps, legatarios los ocho de una tercera parte de la herencia de Julia Alers Larroni, la suma de $500 que demás ha percibido sobre lo que legítimamente le correspondía en la liquidación de dicha herencia.

2°. Que la demandada Antonia Camps y Alers debe pagar a los tres demandantes y a sus hermanos, cinco de los demandados, la suma de $120 en concepto de rentas y productos

obtenidos por la demandada sobre una finca urbana adjudicada a dichos legatarios, la que no se les había entregado.

3°. Que la finca adjudicada en común proindiviso a los legatarios sea vendida en pública subasta.

Como hechos determinantes de las tres causas de acción alegan los demandantes:

1°. Que Julia Alers y Larroni viuda de Don Ramón Camps falleció en Mayagüez el 4 de marzo de 1906 bajo testamento otorgado en 6 de febrero del mismo año, en el que instituyó por únicos y universales herederos a su hija Antonia Camps y Alers una de los demandados en esta acción y a su nieta Armanda Castejón y Camps, legando el tercio de libre disposición a sus ocho nietos Ramón, Tomás y Providencia, demandantes y Rafael, Ernesto Eliodoro, Gloria e Isabel Lucía, menores de edad y demandados, por no haberse podido obtener su consentimiento para entablar la demanda.

2°. Que la cláusula tercera de dicho testamento copiada a la letra dice así: "Manifiesta la Señora Alers que al contraer matrimonio su hija Doña Julia con el Sr. Castejón, la exponente les entregó la suma de 7,000 pesos moneda corriente en aquella época, de los cuales 2,000 pesos fueron en efectivo y los otros 5,000 en una primera hipoteca sobre la Hacienda Coloso." Y alegan los demandantes que esa suma fué entregada por Julia Alers y Larroni con motivo de la boda de su hija y debe computarse en la legítima de la misma o más bien de su representante Armanda Castejón.

3°. Que por escritura pública otorgada en la ciudad de Huesca en España a 13 de octubre de 1909, Armanda Castejón y Camps hizo cesión a favor de la demandada Antonia Camps y Alers de todos los derechos y acciones que pudieran corresponderle en la herencia de su abuela Julia Alers.

4°. Que en la partición de bienes de Julia Alers y Larroni, aprobada por la Corte de Distrito de Mayagüez en 2 de septiembre de 1910, se adjudicaron a Antonia Camps y Alers por sí y como cesionaria de los derechos de la otra heredera Armanda Castejón, $2,000 en un solar con casa de mampostería

No. 49 de la Calle de San José de Mayagüez, su valor de
$1,400 y en un condominio por mitad proindivisa en otra casa
de mampostería situada en la calle de Santo Tomás de la
misma ciudad de Mayagüez, su valor $600, habiéndose adju-
dicado a los ocho legatarios la suma de $1,000 en una casa
también de mampostería número 3, de la calle de Méndez Vigo
de Mayagüez, valorada en $1,000, sin que se hubieran traído
a la masa hereditaria los bienes entregados por la testadora
a su hija Julia, madre de la heredera Armanda Castejón, por
cuya omisión debe entregarles la demandada Antonia Camps
y Alers la suma de $500 en que han sido perjudicados.

5°. Que la demandada Antonia Camps tomó posesión de
la casa terrera de mampostería de la calle de Méndez Vigo
adjudicada a los legatarios y desde la fecha de la partición
de bienes ha venido cobrando las rentas de la misma, apro-
vechándose de sus productos con perjuicio de los demandan-
tes y de sus hermanos menores demandados, siendo en deber-
les por tal concepto la suma de $120.

6°. Que teniendo, como tienen, los demandantes capacidad
legal para obligarse, y la libre administración de sus bienes,
desean separarla de la comunidad de bienes en que están con
sus demás hermanos los demandados.

Emplazados los demandados, no comparecieron a contes-
tar la demanda y les fué anotada la rebeldía en 5 de octubre
de 1911, no obstante lo cual, al celebrarse el juicio compare-
cieron por medio del Abogado Angel A. Vázquez, el cual
opuso a la demanda la excepción de que no aduce hechos sufi-
cientes para determinar una causa de acción, la que fué dis-
cutida, reservándose la corte su resolución y ordenando la
continuación del juicio, el cual terminó por sentencia dictada
en 19 de diciembre de 1911 por la que la corte declara con
lugar la demanda, en cuanto a la segunda causa de acción,
condenando a la demandada Antonia Camps y Alers a pagar a
los demandantes Ramón, Tomás y Providencia y a los de-
mandados Rafael, Ernesto, Eliodoro, Gloria e Isabel Lucía,
todos de apellido Vicente Camps, por partes iguales, la suma

de $120 reclamada y declara sin lugar dicha demanda en cuanto a las otras dos causas de acción ejercitadas, porque no aduce hechos suficientes para determinar esas causas de acción, todo ello sin especial condenación de costas.

Contra esa sentencia interpuso recurso de apelación la representación de los demandantes en la parte que le es adversa o sea en cuanto declara sin lugar el primero y tercer pronunciamientos solicitados en la demanda, manifestando expresamente su conformidad con la misma en cuanto declara con lugar el segundo pronunciamiento.

Dos son las cuestiones legales a discutir en el presente recurso:

1ª. Si los hechos expuestos en la demanda son bastantes para que se dé aplicación al artículo 1001 del Código Civil.

2ª. Si esos mismos hechos determinan la aplicación del artículo 411 del mismo código.

El artículo 1001 del Código Civil dice así:

"Artículo 1001.—El heredero forzoso que concurra con otros que también lo sean a una sucesión, deberá traer a la masa hereditaria los bienes o valores que hubiese recibido del causante de la herencia, en vida de éste, por dote, donación u otro título lucrativo, para computarlo en la regulación de las legítimas y en la cuenta de partición."

Comentando el Sr. Manresa el artículo 1035 del Código Civil Español que es exactamente igual al 1001 del Código Revisado que dejamos transcrito dice:

"La colación pues se impone a toda persona considerada por la ley como heredero forzoso cuando concurre con otro u otros que también lo sean a una sucesión testada o intestada. No se impone ni podría tener objeto cuando el heredero forzoso es único * * *."

Scaevola, comentando el mismo artículo 1035 del Código Civil español, reproducción del 1001 de nuestro Código, dice:

"Para que esa obligación llegue a hacerse efectiva es preciso que haya pluralidad de herederos forzosos, puesto que uno solo no tiene a

quien dar por recibidas las aportaciones o valores que deba traer a la masa partible * * *. Las personas a quienes la colación se debe, son los otros herederos forzosos.''

Tenemos, pues, que con arreglo al artículo 1001 del Código Civil vigente interpretado por los ilustrados comentaristas Manresa y Scaevola, para que haya lugar a la colación tal como dicho artículo la define, es requisito indispensable que el heredero forzoso que deba verificarla concurra con otros que también lo sean a una sucesión.

Es verdad que en el presente caso fueron instituídas únicas herederas por Julia Alers y Larroni, su hija Antonia Camps y Alers y su nieta Armanda Castejón y Camps, habiendo por tanto más de una heredera; pero como la segunda cedió a la primera sus derechos hereditarios, la demandada Antonia Camps y Alers vino a ser la única heredera de la testadora, refundiéndose en ella el derecho a la colación de bienes que pudiera tener y el deber de prestar esa colación que existía en la otra heredera como representante de su difunta madre Julia Camps y Alers. La obligación de colacionar quedó extinguida por haberse refundido en cierto modo en una sola persona o sea en Antonia Camps y Alers, los conceptos de acreedor y deudor.

Entendemos que los hechos expuestos en la demanda no determinan causa de acción en cuanto a la colación de bienes pretendida.

Por lo que toca a la segunda cuestión legal que dejamos indicada, el artículo 411 del Código Civil dice así:

''Artículo 411.—Cuando la cosa común fuere esencialmente indivisible, y los condueños no convinieren en que se adjudique a uno de ellos indemnizando a los demás, se venderá y repartirá su precio.''

La demanda muestra que a los tres demandantes y a sus hermanos, cinco de los demandados, les fué adjudicada en común y proindiviso una casa de mampostería marcada con el número 3 de la Calle de Méndez Vigo de Mayagüez, y que

los tres demandantes solicitan que se venda dicha casa en
pública subasta y se les entregue la parte del precio que les
corresponda.

Ciertamente que los demandantes no expresan que los con-
dueños no han convenido en que se adjudique dicha casa a
uno de ellos indemnizando a los demás; pero no creemos que
tal alegación sea necesaria para que pueda reconocérseles el
derecho que les otorga el artículo 407 del mismo código que
dice:

"Artículo 407.—Ningún propietario está obligado a permanecer
en la comunidad. Cada uno de ellos podrá pedir en cualquier tiempo
que se divida la cosa común. Esto no obstante, será válido el pacto de
conservar la cosa indivisa por tiempo determinado, que no exceda de
diez años. Este plazo podrá prorrogarse por nueva convención."

Si los condueños demandados quieren que se adjudique a
uno de ellos la cosa común indemnizando a los demás, esa
alegación podrá ser materia de defensa; no es necesaria para
el ejercicio de la acción *communi dividundo.*

Ocurre, además, en el presente caso, que los demandados
condueños de la casa son menores de edad y que no pueden
enajenar, sin autorización judicial, los derechos de condomi-
nio que les asisten.

Opinamos que la demanda contiene hechos suficientes para
determinar la acción *communi dividundo.*

Ha venido en el récord un escrito de exposición del caso
que no aparece aprobado y firmado por el juez, y por tanto,
no podemos darle consideración alguna.

Por las razones expuestas entendemos que procede la con-
firmación de la sentencia apelada en cuanto declara sin lugar
la colación de bienes solicitada por los demandantes, y su
revocación en cuanto declara no haber lugar a la venta en
pública subasta de la casa número 3 de la calle de Méndez
Vigo, por el fundamento de que los hechos expuestos en la
demanda no determinan esa causa de acción, debiendo la

corte inferior proceder con arreglo a los principios estable-
cidos en esta opinión, y preceptos legales aplicables al caso.

> *Confirmada en parte y revocada en cuanto de-*
> *clara no haber lugar a la venta en pública*
> *subasta de la casa en litigio.*

Jueces concurrentes: Sres. Asociados MacLeary, Wolf,
del Toro y Aldrey.